

**FILED**
**FEBRUARY 26, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID DEGROOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SUBURBAN BANK & TRUST CO., and | ) | **08 C 1167** |
| SUBURBAN BANK & TRUST 401(k) | ) | |
| PROFIT SHARING PLAN, | ) | **JUDGE DER-YEGHIAYAN** |
| | ) | **MAGISTRATE JUDGE VALDEZ** |
| Defendant. | ) | |

# COMPLAINT

Now comes the Plaintiff, DAVID DEGROOT, by his attorneys, MARK D. DE BOFSKY, and DALEY, DE BOFSKY & BRYANT, and complaining against the Defendants, SUBURBAN BANK & TRUST CO. and SUBURBAN BANK & TRUST 401(k) Profit sharing Plan, he states:

*Nature of Action*

1. This is a claim alleging that defendants have committed prohibited transactions in relation to the administration of the Suburban Bank & Trust 401(k) Profit Sharing Plan and that the defendants breached their fiduciary duty owed to plaintiff, a participant in said plan. Plaintiff also alleges that his employment with the Suburban Bank & Trust Co. was terminated in December 2006 in violation of 29 U.S.C. § 1140 in order to interfere with plaintiff's attainment of the full value of his bank stock held in both the 401(k) Profit Sharing Plan and privately by the plaintiff so that he could be treated as a minority shareholder rather than as a member of the control group. Finally, plaintiff brings a supplemental claim for breach of the Illinois Business Corporation Act of 1983.

*Jurisdiction and Venue*

2. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to remedy violations of the ERISA law. In addition, the court has supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

*The Parties*

4. The Plaintiff, David DeGroot ("DeGroot"), is and was a resident of Lombard, Illinois at all times relevant hereto.

5. The Defendant, Suburban Bank & Trust Co. ("Suburban"), is an Illinois corporation with its principal place of business in Elmhurst, Illinois. Suburban was, at all times relevant hereto, DeGroot's former employer as well as the Plan Administrator of the Defendant, Suburban Bank & Trust Co. 401(k) Profit Sharing Plan ("Plan"), a defined contribution plan established for the benefit of Suburban's employees (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A"). At all times relevant hereto, Suburban and the Plan were doing business within the Northern District of Illinois.

6. At all times relevant hereto, the Plan constituted an employee benefit plan within the scope of 29 U.S.C. §§ 1002(2) and (3); and incident to his employment with Suburban, Bake was a "participant" in the Plan as that term is defined by 29 U.S.C. §1002(7).

*Statement of Facts*

7. DeGroot was employed at Suburban from January 1992 until he was terminated

without cause or justification on December 18, 2006. At the time he last worked for Suburban, DeGroot was employed as the Executive Vice President and Chief Financial Officer of Suburban.

8. While DeGroot was employed at Suburban, in addition to serving as an officer of the bank, he was a member of Suburban's Board of Directors, as well as a participant in the Suburban Bank & Trust Co. 401(k) Profit Sharing Plan. The Plan was a defined contribution plan through which employee and employer contributions were held in a trust for the employees.

9. In 1995, Suburban formed a holding company called Suburban Illinois Bancorp, Inc. (SIB), of which DeGroot purchased 434 shares. In 2003, DeGroot purchased additional shares of SIB, and currently holds 4,222 shares in the company. All shares were purchased at a controlling interest valuation.

10. In addition to the purchase of shares described above, in 2003, DeGroot directed Suburban, as administrator of the Plan, to purchase shares of SIB to be held in his account within the 401(k) Plan. After purchasing several additional shares, DeGroot currently owns 461 shares of SIB in his 401(k) plan. All shares are 100% vested and were purchased at a controlling interest price.

11. In 2002, SIB hired a third-party appraiser to determine the fair market value of its stock. Utilizing a "controlling interest" valuation method, the fair market value of SIB's stock was determined in 2002 to be $264.00 per share. The shares have substantially increased in value since 2002; and plaintiff has been informed and believes that the share price at the controlling interest valuation method was in excess of $625 per share at the time of his termination.

12. Following DeGroot's termination, Suburban offered to buy back all of DeGroot's shares in the holding company. The offer was based on an appraisal performed by Plante & Moran, PLLC, which valued the SIB stock as of December 31, 2006. However, rather than utilizing a "controlling interest" valuation, which was the basis upon which the shares were valued at purchase and upon prior valuations, Plante & Moran utilized a methodology that failed to adequately value the SIB stock, and also valued the shares using a substantially lower "minority interest" valuation method.

13. Utilizing the lower "minority interest" valuation method, Plante & Moran appraised the stock value at $388.00 per share, although it acknowledged in its report that the valuation method used was inconsistent with previous determinations which had utilized the "controlling interest" method.

14. Had the proper "controlling interest" valuation standard been used, SIB's stock would have been valued at or near $628.55 per share.

15. Plaintiff has been informed and believes that other stock purchases by Suburban have been made at the controlling interest price and at a valuation substantially higher than the per share valuation offered to DeGroot.

*Count I*

1 – 15. Plaintiff realleges paragraphs 1-13 of the General Allegations as paragraphs 1-15 of Count I of this complaint.

16. DeGroot and Suburban agreed that Suburban would repurchase the shares of SIB stock in his 401(k) following the end of his employment. The Plan contains a provision allowing for payments of 401(k) benefits "as soon as administratively feasible on or after the Valuation or Allocation date." (Plan at 16).

17. ERISA law, at §404, lays out the general fiduciary duties of plan administrators, including acting in the interest of plan participants by investigating proposed transactions with "care, skill, prudence, and diligence." 29 U.S.C. 1104(a)(1)(B). The ERISA law also contains provisions codified in § 406 that explicitly prohibit a fiduciary from engaging in the sale or exchange of property between the Plan and a party in interest. 29 U.S.C. 1106(a)(1)(A). An exception to such a prohibited transaction is found in ERISA § 408 which allows such a sale so long as the property is sold for "adequate consideration." 29 U.S.C. 1108(e)(1). "Adequate consideration" has been defined as "the fair market value of the asset as determined in good faith by the trustee or named fiduciary…" The "fair market value" of an asset is:

> the price at which an asset would change hands between a willing buyer and willing seller when the former is not under any compulsion to buy and the latter is not under any compulsion to sell, and both parties are able, as well as willing, to trader and are well-informed about the asset and the market for that asset.

DOL Prop Reg 29 C.F.R. Part 2510.

18. No reasonable stock purchaser such as DeGroot would purchase stock at a higher controlling interest valuation but then sell the stock at a lower minority interest valuation. Because Suburban has been inconsistent in valuing its stock and having it appraised at its fair market value, Suburban and the Plan breached their fiduciary duty owed to DeGroot; and pursuant to 29 U.S.C. § 1132(a)(1)(B) or § 1132(a)(3), the court must determine the fair market value for the shares at issue.

### *Count II*

1 – 15. Plaintiff realleges paragraphs 1-15 of the General Allegations as paragraphs 1-15 of Count I of this complaint.

16. It is a violation of the ERISA law to discharge an individual in order to interfere with their attainment of a Plan benefit. 29 U.S.C. § 1140.

17.     Suburban's termination of DeGroot in December 2006 was motivated in whole or in part by an intent to deprive DeGroot of the fair market value of his stock, in violation of 29 U.S.C. § 1140.

### *Count III*

1 – 15.  Plaintiff realleges paragraphs 1-15 of the General Allegations as paragraphs 1-15 of Count I of this complaint

16.     At all times relevant hereto, Suburban owed a fiduciary duty to DeGroot as a minority shareholder as well as a duty to avoid self-dealing.

17.     In 2007, Suburban's offer to repurchase DeGroot's 4,222 shares of SIB stock held privately at less than the shares' fair market value constitutes self-dealing and oppression by Suburban.

17.     Under Illinois law, 805 ILCS 5/12.56, the court has the power to remedy such self-dealing by requiring the corporation to repurchase the stock at fair market value without any discount for minority status or lack of marketability.

WHEREFORE, Plaintiff prays for the following relief:

A.      That the court enter judgment in Plaintiff's favor and against Defendant and that the court order Defendant to re-calculate the fair market value of Plaintiff's stock;

B.      That the court order Defendant Plan to purchase the Plaintiff's stock held in his 401(k) plan account at fair market value; and that the court order Suburban to purchase the shares of SIB stock DeGroot holds privately at the same fair market value;

C.      That the court award Plaintiff his attorney's fees pursuant to 29 U.S.C. §1132(g); and

   D.  That Plaintiff recover any and all other relief which he may be entitled, as well as the costs of suit.

Dated:  February 26, 2008

                    /s/ Mark D. DeBofsky

Mark D. DeBofsky             One of the attorneys for Plaintiff
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60602
(312) 372-5200
FAX (312) 372-2778