IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DAVID DEGROOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1167 |
| | ) | Judge Der-Yehgiayan |
| SUBURBAN BANK & TRUST CO., and | ) | |
| SUBURBAN BANK & TRUST 401(k) | ) | |
| PROFIT SHARING PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

In compliance with the Court's standing order requiring a joint status report to be filed at least 4 business days before the initial status conference which is scheduled for May 15, 2008, the parties submit the following. Plaintiff, David DeGroot, is represented by attorney Mark D. DeBofsky and Daley, DeBofsky, & Bryant. Defendants, Suburban Bant & Trust Co. and Suburban Bank & Trust 401(k) Profit Sharing Plan ("Suburban"), are represented by Michael J. Scotti and Freeborn & Peters LLP.

1.    Nature of claims and counterclaims:

This is a claim alleging that defendants have committed prohibited transactions in relation to the administration of the Suburban Bank & Trust 401(k) Profit Sharing Plan and that the defendants breached their fiduciary duty owed to plaintiff, a participant in said plan. Plaintiff also alleges that his employment with the Suburban Bank & Trust Co. was terminated in December 2006 in violation of 29 U.S.C. § 1140 in order to interfere with Plaintiff's attainment of the full value of his bank stock held in the 401(k) Profit Sharing Plan by Plaintiff so that he could be treated as a minority shareholder rather than

as a member of the control group. Finally, Plaintiff brings a supplemental claim for breach of the Illinois Business Corporation Act of 1983.

2.    <u>Relief Sought by Plaintiff</u>:

Plaintiff seeks a judgment in his favor and against Suburban and a court order requiring Suburban to re-calculate the fair market value of Plaintiff's stock in Suburban Illinois Bankcorp, Inc. ("SIB"). Additionally, Plaintiff seeks a court order requiring Suburban to purchase the Plaintiff's SIB stock held in his 401(k) plan account at fair market value, as well as, a court order requiring Suburban to purchase the shares of SIB stock, which Plaintiff holds privately at the same fair market value. Finally, Plaintiff seeks attorney's fees pursuant to 29 U.S.C. §1132(g).

3.    Names of Parties Not Served:

None.

4.    <u>Legal Issues</u>:

(i)    Whether Suburban's 2007 offer to repurchase Plaintiff's shares of stock in SIB violated the ERISA law and violated fiduciary duties owed to Plaintiff under state law.

(ii)    Whether Plaintiff was required to request a benefit, be denied that benefit, and exhaust the 401(k) Plan's administrative procedures for the denial of a claim before seeking a remedy under ERISA.

(iii)    Whether Suburban's rejected "offer" to purchase Plaintiff's SIB stock at a specific price, which was allegedly below fair market value, constituted a breach of fiduciary duty under either ERISA or Illinois common law.

(iv)    Whether Suburban is a proper party for Plaintiff's alleged claims under the Illinois Business Corporation Act.

5.    Factual Issues:

(i)    Whether the offer to purchase the Plaintiff's stock was made at a fair market value price, free from bias or self-dealing.

(ii)    Whether Plaintiff's job termination had any relation to his participation in the Defendant's 401k plan.

(iii)    Whether Plaintiff's job termination had any impact on benefits allegedly due Plaintiff pursuant to Suburban's 401(k) Plan.

(iv)    The value of SIB stock on February 25, 2008.

6.    List of Pending Motions and Brief Summary of Bases for Motions:

On May 8, 2008, Defendants' filed a 12(b)(6) motion to dismiss the ERISA claim asserted in Count I as not being ripe based upon (i) a failure to alleged a benefit was requested and denied; (ii) a failure to allege Suburban's 401(k) Plan's administrative remedies were exhausted; and (iii) that no prohibited "transaction" was alleged in the complaint. The motion seeks to dismiss Count II, a wrongful termination claim under ERISA, based upon a failure to allege any causation between the termination and a loss of benefits. Defendant's have moved to dismiss Count III, brought pursuant to the Illinois Business Corporations Act , based on the argument that Suburban is not a proper party under that Act and the lack of any fiduciary duty owed by Suburban to Plaintiff under Illinois common law.

7.    Description of Discovery Requested and Exchanged:

At the time of this filing, no discovery had been requested or exchanged.

8.    <u>Discovery Needed</u>:

Plaintiff anticipates requesting discovery as to all per share valuations and appraisals of the stock at issue, discovery into the calculations and means and methods of computing share pricing, and discovery into Defendant's earnings and other relevant financial information.

In addition to the discovery related to the value of SIB stock, Defendants anticipate discovery to establish that the termination of Plaintiff's employment was not intended to deprive him of his 401(k) benefits, that Plaintiff neither requested nor was denied a benefit under the Plan, and to uncover the terms of the purported agreement Suburban had to purchase Plaintiff's SIB stock upon termination.

9.    <u>Proposed Dates</u>:

Rule 26(a)(1) disclosures: June 16, 2008

Fact Discovery Completion: November 17, 2008

Expert Discovery Completion:

 Plaintiff to Disclose by December 16, 2008;

 Defendants to Disclose by January 30, 2009;

 All Expert Discovery Complete by February 27, 2009.

Filing of Dispositive Motions:  March 31, 2009

Filing of Final Pretrial Order: Within 45 days of resolution of anticipated dispositive motions.

10.    <u>Estimation of when case will be ready for trial</u>:

By June 16, 2009

11.    <u>Probable length of trial</u>:

2-3 days

12.    <u>Request for jury trial</u>:

No request for a jury trial has been made in the Complaint.

13.    <u>Settlement Discussions</u>:

At the time of this filing, the parties have had some limited settlement discussions

but have not been able to make substantial progress toward resolving the issues in this

case.

14.    <u>Proceed Before a Magistrate Judge</u>:

At this time the parties do not consent to proceed before a magistrate judge.


Respectfully submitted,


/s/ Mark D. DeBofsky                          /s/ Michael J. Scotti, III
_____                      _____
Attorney for Plaintiff                       Attorney for Defendant, Suburban
                                             Bank & Trust Co.


Mark D. DeBofsky                             Michael J. Scotti, III
Daley, DeBofsky & Bryant                     Freeborn & Peters LLP
55 W. Monroe Street, Suite 2440              311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60603                      Chicago, Illinois 60606
(312) 372-5200                               (312) 360-6000
Fax: (312) 372-2778                          Fax: (312) 360-6520