IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DEGROOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 1167 |
| | ) |
| SUBURBAN BANK & TRUST CO., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

## BACKGROUND

Plaintiff David DeGroot ("DeGroot") alleges that he was employed by Defendant Suburban Bank & Trust Co. ("Suburban") from January 1992 until December 2006, when Suburban allegedly terminated DeGroot's employment. DeGroot allegedly held the position of Executive Vice President and Chief Financial Officer of Suburban when his employment was terminated. DeGroot contends that, while employed by Suburban, he participated in Defendant Suburban 401(k) Profit Sharing Plan ("Plan"). In 1995, Suburban allegedly formed a holding company

1

called Suburban Illinois Bancorp, Inc. ("SIB"), in which DeGroot allegedly purchased shares. In addition, in 2003, DeGroot allegedly directed the administrator of the Plan to purchase additional shares of SIB to be held in his account within the Plan. DeGroot contends that in 2002 a third-party appraiser determined the value of his SIB stock using a controlling interest valuation method, calculating his shares to be worth in excess of $625 per share. After DeGroot's termination, Suburban allegedly made an offer to buy back all of DeGroot's shares in SIB. However, according to DeGroot, Suburban utilized the services of a different appraiser that utilized the minority interest valuation method. As a result, Suburban's offer was allegedly far below the actual value of the stock. DeGroot contends that Suburban is obligated under the terms of the Plan to repurchase his SIB stock and that Suburban refuses to repurchase his stock at a fair market price.

DeGroot brought the instant action and includes in his complaint a claim alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, due to Suburban's alleged failure to offer the fair market value for the stock (Count I), a claim contending that Suburban wrongfully discharged DeGroot to interfere with his attainment of a Plan benefit in violation of 29 U.S.C. § 1140 of ERISA (Count II), and a claim alleging self-dealing in violation of 805 ILCS 5/12.56 ("Section 5/12.56") (Count III). Defendants move to dismiss all claims.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at

3

455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67.  The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I.  Denial of Benefits Claim

    Defendants argue that the court should dismiss Count I since DeGroot is seeking to recover benefits.  Defendants contend that DeGroot does not allege that he was denied any benefit.  Defendants also argue that DeGroot has not alleged that he has exhausted his administrative remedies for a denial of benefits claim.

    A.  Ripeness of Denial of Benefits Claim and Exhaustion

    Defendants argue that DeGroot has failed to state a claim for the denial of benefits because the claim is not ripe and because DeGroot did not plead that he has exhausted his administrative remedies for such a claim.  Defendants argue that the sum that DeGroot contends is owed to him for his SIB stock is a benefit that he believes he is owed.  Defendants further argue that DeGroot alleges only that

Defendants offered DeGroot an unfair price and that there is no allegation that DeGroot requested the benefit and was denied the benefit. Thus, Defendants contend that DeGroot cannot sue for the denial of a benefit. DeGroot responds by stating that he is not seeking benefits under 29 U.S.C. § 1332(a)(1)(B) ("Section 1332(a)(1)(B)"). (Ans. 3). DeGroot argues that since he is not seeking a benefit under Section 1132(a)(1)(B), the "ripeness of a § 1132(a)(1)(B) suit is irrelevant." (Ans. 4). Defendants had justification to conclude that DeGroot was bringing a claim under Section 1132(a)(1)(B) since DeGroot specifically indicated that he was seeking relief under that section in Count I of the complaint. (Compl. Par. 18). However, DeGroot has clarified in his answer to the motion to dismiss that he does not intend to bring such a claim. Therefore, the ripeness argument is moot. Likewise, whether DeGroot exhausted his administrative remedies for a denial of benefits claim is also a moot issue. We note, however, that DeGroot will be bound by his statements in response to the motion to dismiss and will be barred from later asserting in these proceedings that he is pursuing a denial of benefits claim under Section 1132(a)(1)(B).

     We also note that, even if this were not a moot issue, Defendants incorrectly assert DeGroot, in order to properly plead his claim, is required to "allege[] that he exhausted his administrative remedies under the Plan." (Mot. 4). The only support provided by Defendants for such a position is a case from the Ninth Circuit. (Mot. 4). The Seventh Circuit has explicitly rejected such a contention. *See Mosely v. Board of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006)(stating that

"[a] failure to exhaust is normally considered to be an affirmative defense" and that the plaintiff "had no obligation to allege facts negating an affirmative defense in her complaint"). Thus, the exhaustion issue is not properly before the court at the motion to dismiss stage. Therefore, we deny as moot Defendants' motion to dismiss the denial of benefits claim.

II.  Equitable Relief Under Section 1132(a)(3)

Defendants argue that DeGroot cannot obtain relief under 29 U.S.C. § 1132(a)(3) ("Section 1132(a)(3)") since relief is available under Section 1132(a)(1)(B). Section 1132(a)(3) is a catchall provision and is therefore, not an appropriate basis for a claim if other sections, such as Section 1132(a)(1)(B) provide the plaintiff with a remedy. *See Clark v. Hewitt Associates, LLC*, 294 F. Supp.2d 946, 950 (N.D. Ill. 2003)(citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). DeGroot agrees that he cannot proceed under Section 1132(a)(3) if adequate relief is available to him under Section 1132(a)(1)(B).  (Ans. 8).

Under Section 1132(a)(1)(B), "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . ." 29 U.S.C. § 1132(a)(1)(B). Although DeGroot contends that he is not pursuing a denial of benefits claim under Section 1132(a)(1)(B), DeGroot concedes that he is seeking clarification of his rights under the Plan, which is covered by Section 1132(a)(1)(B). DeGroot argues that he has a

6

right to plead a Section 1132(a)(3) claim in the alternative in case he is not able to seek relief under Section 1132(a)(1)(B). However, as explained further below, DeGroot can seek adequate relief under Section 1132(a)(1)(B) and therefore, he has no justification for pursuing relief under Section 1132(a)(3). DeGroot asserts that he needs to proceed under Section 1132(a)(3) as well because he is seeking to "require[] Defendants to act in accordance with their statutory fiduciary obligations." (Ans. 8). However, DeGroot could obtain such relief though a clarification of rights under Section 1132(a)(1)(B). DeGroot can also utilize Section 1132(a)(1)(B) to "to enforce his rights under the terms of the plan," which would be a basis for relief. 29 U.S.C. § 1132(a)(1)(B). Therefore, we grant Defendants' motion to dismiss the claim premised on Section 1132(a)(3). However, as indicated above, DeGroot can pursue a claim under Section 1132(a)(1)(B) for a clarification or rights or to enforce his rights under the Plan.

III.  Breach of Fiduciary Duty Claims

Defendants contend that DeGroot has failed to state a valid breach of fiduciary duty claim. DeGroot alleges that Defendants breached their fiduciary duties in violation of 29 U.S.C. § 1104(a) ("Section 1104(a)"), in violation of 29 U.S.C. § 1106(a) ("Section 1106(a)"), and in violation of 29 U.S.C. § 1108(e) ("Section 1108(e)"). (Compl. Par. 17). DeGroot alleges in Count I that when Defendants offered DeGroot an unfair price for his SIB stock Defendants breached their fiduciary duties. (Compl. Par. 18).

A. Violation of Section 1104(a)

DeGroot alleges in the complaint that Defendants breached their fiduciary duties under Section 1104(a) because Defendants failed to act with required care, skill, prudence, and diligence. Pursuant to Section 1104(a), a plan fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and . . . with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. . . ." 29 U.S.C. § 1104(a). We first note that although Defendants argue that DeGroot has failed to state a breach of fiduciary duty claim, Defendants do not provide any arguments explaining why DeGroot has not stated a claim under Section 1104(a). The only arguments provided by Defendants relate to a breach of fiduciary duty claim based on Section 1106(a), which is addressed below. (Mot. 6-7); (Reply 4-5). Thus, Defendants have not provided any basis to dismiss DeGroot's Section 1104(a) claim.

DeGroot indicates in the complaint that Defendants were fiduciaries of the Plan. (Compl. 17). DeGroot also indicates that Defendants, as fiduciaries, had a duty to make an offer to purchase DeGroot's SIB stock at a fair price and that Defendants breached that duty. (Compl. Par. 18). DeGroot contends that Defendants in making such a decision as fiduciaries failed to act with reasonable care, skill, prudence, and diligence. (Compl. Par. 17). Finally, DeGroot contends that the breach caused him harm. (Compl. Par. 15). DeGroot has thus stated a

breach of fiduciary duty claim under Section 1104(a).  *See Jenkins v. Yager*, 444 F.3d 916, 924 (7th Cir. 2006)(listing elements for an ERISA breach of fiduciary duty claim).  Whether Defendants were in fact fiduciaries, whether Defendants had such fiduciary duties, and whether Defendants breached such duties are not matters that can be addressed at the motion to dismiss stage.  *Thompson*, 300 F.3d at 753.  Thus, to the extent that Defendants seek to challenge the merits of DeGroot's breach of fiduciary duty claim brought under Section 1104(a), Defendants' arguments are premature.  Therefore, we deny Defendants' motion to dismiss the breach of fiduciary duty claim brought under Section 1104(a).

### B.  Violation of Sections 1106(a) and 1108(e)

Defendants argue that DeGroot has failed to state a breach of fiduciary duty claim under Section 1106(a) and Section 1108(e).  Section 1106(a) provides that "[e]xcept as provided in section 1108 of this title[,] . . . A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . sale or exchange, or leasing, of any property between the plan and a party in interest. . . ." 29 U.S.C. § 1106(a).  Section 1108(e) provides that "Sections 1106 and 1107 of this title shall not apply to the acquisition or sale by a plan of qualifying employer securities (as defined in section 1107(d)(5) of this title) or acquisition, sale or lease by a plan of qualifying employer real property . . . if such acquisition, sale, or lease is for adequate consideration . . . ." 29 U.S.C. § 1108(e)(1).

9

Defendants argue that DeGroot alleges only that Defendants extended DeGroot an offer and that the offer was unfair. Defendants contend that since, according to the complaint, there never was a transaction, there could not be a prohibited transaction upon which DeGroot could base a breach of fiduciary duty claim under Section 1106(a) and Section 1108(e). DeGroot argues that "when [Defendants] offered to repurchase DeGroot's shares but then offered inadequate consideration for the transaction," a "prohibited transaction" occurred. (Ans. 10). We disagree. According to DeGroot's own allegations, no transaction occurred. The reason for DeGroot's alleged injury is the fact that a transaction that DeGroot envisioned, namely a fair transaction, did not occur. Section 1106(a) bars plan fiduciaries from dealing in certain matters with plan participants to avoid apparent conflicts. Section 1108(e) in turn allows for certain types of transactions that might reasonably become necessary, but includes a protection that requires that the plan participant will receive adequate consideration. 29 U.S.C. § 1108(e)(1). Since the allegations in the complaint do not indicate that such a transaction occurred, the concerns of Section 1108(e) regarding adequate consideration are not present. DeGroot fails to cite any controlling precedent that indicates that Sections 1106(a) and 1108(e) would apply under the circumstances of the instant action. Therefore, we grant the motion to dismiss the breach of fiduciary duty claim that is based on Section 1106(a) and Section 1108(e). We note that DeGroot argues that it would be unfair to conclude that Section 1106(a) and Section 1108(e) are not applicable because he would be forced to sell his shares at an unfair price before he could bring

suit.  However, DeGroot is not left without an avenue for relief for a breach of fiduciary duty claim.  As indicated above, DeGroot can pursue his breach of fiduciary duty claim under Section 1104(a).

IV.  Interference Claim (Count II)

Defendants argue that DeGroot has failed to state a claim for discharging an individual to interfere with the attainment of a right owed under the Plan.  DeGroot contends that Defendants unlawfully terminated his employment in order to interfere with his right to sell his SIB stock in violation of 29 U.S.C.A. § 1140 ("Section 1140").  Section 1140 provides in part that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan. . . ."  29 U.S.C. § 1140.  Defendants argue that DeGroot merely states in a conclusory fashion that DeGroot's employment was terminated in order to deprive him of rights owed to him under his plan.  However, DeGroot does provide specific allegations tying his discharge to the exercise of his alleged right to sell his SIB stock at a fair price.  DeGroot specifically alleges that "Suburban's termination of DeGroot in December 2006 was motivated in whole or in part by an intent to deprive DeGroot of the fair market value of his stock in violation of 29 U.S.C. § 1140."  (Compl. Par. 17).  DeGroot has thus provided sufficient allegations to state a claim.  Defendants complain that DeGroot has not pointed to evidentiary support for such facts, but DeGroot is not required to present evidence at the motion

11

to dismiss stage. *Thompson*, 300 F.3d at 753. Also, Defendants challenge the veracity of DeGroot's allegation that his termination was connected to his Plan rights. However, we cannot assess the merits of DeGroot's claims at this juncture and such an argument is therefore premature. *Id.* Therefore, we deny the motion to dismiss the intereference claim (Count II).

V. Section 5/12.56 Claim (Count III)

Defendants argue that DeGroot has failed to state a valid Section 5/12.56 claim. Section 5/12.56 provides a cause of action for a shareholder against the corporation in which the shareholder holds stock, to recover for "illegal, oppressive, or fraudulent" misconduct. 805 ILCS 5/12.56. Defendants argue that since DeGroot contends that he owns SIB stock, he cannot bring a Section 5/12.56 claim against Suburban. However, DeGroot alleges that in 1995, SIB was a holding company of Suburban, indicating that Suburban exercised control over SIB. (Compl. Par. 9). DeGroot criticizes Defendants for not alleging facts to explain in detail the relationship between Suburban and SIB. However, we cannot resolve the factual issues concerning the relationship at this juncture. The current precise relationship between SIB and Suburban cannot be explored based solely on the pleadings at the motion to dismiss stage. DeGroot alleges that Defendants entered into an agreement under which they promised to purchase his SIB stock at a fair price and then fired him so that he was forced to sell the stock to Suburban at an unfairly low price. (Compl. Par. 17). DeGroot thus alleges sufficient allegations that indicate potential

"illegal, oppressive, or fraudulent" conduct on the part of Defendants that could support a Section 5/12.56 claim. 805 ILCS 5/12.56. Therefore, we deny Defendants' motion to dismiss the Section 5/12.56 claim (Count III).

## CONCLUSION

Based on the foregoing analysis, we deny as moot Defendants' motion to dismiss the denial of benefits claim. We grant Defendants' motion to dismiss the Section 1132(a)(3) claim. We deny Defendants' motion to dismiss the Section 1104(a) breach of fiduciary duty claim. We also grant Defendants' motion to dismiss the Section 1106(a) and Section 1108(e) breach of fiduciary duty claim. In addition, we deny Defendants' motion to dismiss the interference claim. Finally, we deny Defendants' motion to dismiss the Section 5/12.56 claim (Count III).

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 6, 2008